UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x

EUGENIA SPENCER,

                Plaintiff,

   -against-

THE CITY OF NEW YORK (including
THE BOARD OF EDUCATION OF THE
CITY OF NEW YORK); JAMES PHILEMY,
ILYSSA MANDELL, and JOHN and/or
JANE DOE(S), each in their
official and individual capacities,

                Defendants.

----------------------------------x

06 Civ. 2852(KMW)

ORDER

WOOD, U.S.D.J.:

## I.  Overview

    By motion dated September 8, 2006, Defendants move to
dismiss the Complaint pursuant to Federal Rule of Civil Procedure
12(b)(6).  For the reasons stated below, Defendants' motion is
GRANTED in part and DENIED in part.

## II.  Background[1]

    Plaintiff is a school teacher employed by the New York City

---

[1]For purposes of considering Defendants' motions to dismiss,
the Court must accept as true the allegations in the Complaint.
See Blue Tree Hotels Invs., Ltd. v. Starwood Hotels & Resorts
Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004).

Department of Education ("DOE").[2]  On December 1, 2003, a student in Plaintiff's class "began intentionally bumping up against [her], falling onto her, . . . rubbing his genital area up against her . . . [and] referring to [her] as his 'wife.'" Compl. ¶ 23.  The student also stole Plaintiff's wallet, cursed at Plaintiff during class, and threw physical objects at his fellow students.  Plaintiff reported these incidents to her supervisor and wrote four reports regarding the student's behavior.  In or around January or February 2004, Plaintiff filed a report with the police.

On January 6, 2004, the principal at Plaintiff's school observed Plaintiff's class and, allegedly in retaliation for reporting the student's disruptive behavior, gave Plaintiff an unsatisfactory rating.  On June 17, 2004, the principal gave Plaintiff another negative review.  As a result, Plaintiff has been unable to teach full time and instead works on a per-diem basis.

Plaintiff brings causes of action against Defendants for violation of the First Amendment; violation of 42 U.S.C. § 1983; breach of contract; negligence; and intentional infliction of emotional distress.

Defendants move to dismiss the Complaint pursuant to Federal

---

[2]Throughout the Complaint, Plaintiff refers to this entity as the "New York City Board of Education."  Because it was re-named the DOE in 2003, the Court refers to it that way here.

Rule of Civil Procedure 12(b)(6).

## III. Discussion

### A.   Motion to Dismiss Standard

A defendant may move to dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted.  In weighing a motion to dismiss, the Court must "accept[] as true the factual allegations in the complaint and draw[] all inferences in the plaintiff's favor." Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006).  "A complaint may not be dismissed under the Rule unless it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief."  Id. at 250 (internal citations omitted).

### B.   Plaintiff's Claims Against the City of New York

Defendants argue that the Court should dismiss all of Plaintiff's claims against the City of New York because "Plaintiff makes no allegations of any kind directed to the City of New York or any of its employees" and "the DOE exists as a separate and distinct legal entity from the City."  Defs.' Mem. at 11.  The Court agrees.  See Falchenberg v. New York City Dep't of Educ., 375 F. Supp. 2d 344, 347 (S.D.N.Y. 2005) ("[T]he City and DOE are separate and distinct entities. . . . In the absence of any allegations demonstrating participation by the City, the

complaint fails to state a cause of action against it.").[3]

The Court, therefore, dismisses claims 1 through 6 as against the City of New York.  The Court treats the DOE as a separate defendant for purposes of assessing Plaintiff's individual claims below.

C.    Plaintiff's First Amendment Claim

Where a public employee alleges that she suffered an adverse employment action as retaliation for exercise of her First Amendment rights, the employee must show that "(1) the speech at issue was made as a citizen on matters of public concern rather than as an employee on matters of personal interest, . . . (2) she suffered an adverse employment action, . . . and (3) the speech was at least a substantial or motivating factor in the [adverse employment action]."  Morrison v. Johnson, 429 F.3d 48, 51 (2d Cir. 2005) (internal quotations omitted).  With regard to the first element, "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline."

_____

[3]Although Plaintiff refers to the City of New York several times in the Complaint, in every instance Plaintiff either mistakenly treats the City of New York and the DOE as the same entity or refers to the City of New York in error.  See Compl. ¶¶ 7-9, 11, 27 (referring to the "City of New York/New York City Board of Education" or "City/Board of Education"); infra note 6 (explaining that the DOE, not the City of New York, was party to the relevant collective bargaining agreement).

<u>Garcetti v. Ceballos</u>, 126 S. Ct. 1951, 1960 (2006).

Defendants argue that the Court should dismiss Plaintiff's First Amendment claim because Plaintiff submitted incident and police reports in her capacity as an employee, rather than as a concerned citizen, and thus her actions do not constitute protected speech. The Court disagrees.

First, Plaintiff alleges in the Complaint that she "spoke out <u>on a matter of public concern</u> . . . which was threatening to her, other students, and the school." Compl. ¶ 63 (emphasis added). Second, the relevant DOE Chancellor Regulation and the collective bargaining agreement between the United Federation of Teachers and the DOE,[4] both of which outline grievance procedures for employees, do not state that teachers must, as Plaintiff did, report any incidents to the police. <u>See</u> Defs.' Mem. Apps. B & C. It is thus unclear, at this point in the procedural posture of the case, whether Plaintiff was acting pursuant to her "official duties."

The Court, therefore, denies Defendants' motion to dismiss as to Plaintiff's First Amendment claim. <u>See</u> <u>Allaire</u>, 433 F.3d at 249-50 (In weighing a motion to dismiss, the Court must "accept[] as true the factual allegations in the complaint and

---

[4]The Court may consider these documents in deciding the motion to dismiss because Plaintiff incorporates them into the Complaint by reference. <u>See</u> Compl. ¶¶ 26-27; <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 153 (2d Cir. 2002).

draw[] all inferences in the plaintiff's favor.").

      D.   Plaintiff's Due Process Claim

      To state a substantive due process claim,[5] a plaintiff must allege "(1) the existence of a constitutional right, and (2) state action interfering with that right that is arbitrary in the constitutional sense." Trivedi v. Thayer, No. 97 Civ. 1377, 1998 U.S. Dist. LEXIS 17990, at *44 (S.D.N.Y. Nov. 16, 1998). "[I]mproper actions taken by employers [do not] violate an employee's substantive due process rights simply because that employer is a government official." McClary v. O'Hare, 786 F.2d 83, 89 (2d Cir. 1986). Instead, "the greater weight of authority in this Circuit indicates that [a substantive due process] claim is stated only when a governmental employer abuses some power unique to its role as a governmental entity." Sussman v. New York City Health & Hosps. Corp., No. 94 Civ. 8461, 1997 U.S. Dist. LEXIS 8531, at *35 (S.D.N.Y. June 16, 1997); see also McClary, 786 F.2d at 89 (dismissing substantive due process claim because "the only fact distinguishing this case from an ordinary tort action brought by an employee against an employer is the identity of th[e] employer [as a government official]").

      Plaintiff alleges that she had a property interest in her

---

[5]It is unclear from the Complaint precisely what type of claim Plaintiff alleges in her second cause of action. Because Plaintiff, in her motion papers, treats this claim as a substantive due process claim, see Pl.'s Mem. at 3, the Court does the same.

continued employment by virtue of the collective bargaining agreement, and that Defendants interfered with that right when they gave her an unsatisfactory rating.  Defendants, however, did not abuse a power unique to the government by giving Plaintiff a negative review; the board of education or principal of a private school could have taken the same action with regard to one of its employees.  The Court, therefore, concludes that Plaintiff fails to state a substantive due process claim.

      E.   Plaintiff's Breach of Contract Claims

      "As a general proposition, where an employer and a union enter into a collective bargaining agreement that creates a grievance procedure, an employee subject to the agreement may not sue the employer directly for breach of that agreement but must proceed in accordance with the contract." Neiman v. Kingsborough Cmty. Coll., 146 A.D.2d 612, 613 (N.Y. App. Div. 1989) (internal quotations omitted).  Two exceptions exist to this rule: "(1) where the union, . . . by refusing to process the grievance, breaches its duty to the employee of providing him or her with fair representation, and (2) where an employer by his conduct repudiates the grievance procedures provided for in the agreement." Id. (internal citations omitted).

    Plaintiff brings two breach of contract claims against Defendants for violating the agreement between the United Federation of Teachers (of which Plaintiff was a member) and the

DOE.[6]   Plaintiff, however, does not allege, or argue in her motion papers, that the United Federation of Teachers refused to process her grievance or that the DOE repudiated the grievance procedures provided for in the agreement.   The Court, therefore, dismisses Plaintiff's breach of contract claims.

F.   Plaintiff's Negligence and Intentional Infliction of Emotional Distress Claims

Defendants argue that the Court should dismiss Plaintiff's claims for negligence and intentional infliction of emotion distress because Plaintiff failed to comply with the New York State notice of claim requirements.

New York law provides as follows:

No claim . . . involving the rights or interests of any district . . . shall be prosecuted or maintained against any . . . board of education . . . or any officer of a school district [or] board of education . . . unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action . . . is founded was presented to the governing body of said district or school within three months after the accrual of such claim, and that the officer or body having the power to adjust or pay said claim has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment.

N.Y. Educ. Law. § 3813(1) (Consol. 2007).

Plaintiff does not allege that she presented her claims to the DOE before filing suit in federal court.   The Court,

_____

[6]Although Plaintiff alleges that the City of New York was party to this agreement, Compl. ¶¶ 74, 79, the agreement itself clearly states that it was between the United Federation of Teachers and the DOE.   See Compl. App. B.

therefore, dismisses Plaintiff's claims for negligence and intentional infliction of emotional distress as against the DOE. The Court does not, however, dismiss these claims as against the other defendants.  See Richards v. Calvet, No. 99 Civ. 12172, 2005 U.S. Dist. LEXIS 5365, at *38-42 (S.D.N.Y. Mar. 31, 2005) (allowing state law claims against a school principal despite her failure to comply with Section 3813(1) because "school principals are not officers within the meaning of the statute").

**IV.   Conclusion**

In accordance with the above, the Court GRANTS in part and DENIES in part Defendants' motion to dismiss (D.E. 6).  The Court dismisses claim 1 as against the City of New York; claims 2, 3, and 4 as against all Defendants; and claims 5 and 6 as against the City of New York and the DOE.

The Court establishes the following case schedule: the parties shall submit a joint discovery plan by June 4, 2007; discovery must be completed by August 23, 2007; except for good cause shown, no motions shall be filed or heard after September 13, 2007; the parties shall submit a joint pre-trial order no later than October 11, 2007; the parties shall be ready for trial on or after October 12, 2007.  A copy of the Court's trial procedures can be downloaded from the Court's website at http://www.nysd.uscourts.gov/judges/USDJ/wood.htm.

SO ORDERED.

DATED:      New York, New York
            May 29, 2007

                                    KIMBA M. WOOD
                                    United States District Judge

10