UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

EUGENIA SPENCER,

                                              Plaintiff,

-against-

THE CITY OF NEW YORK (including THE BOARD OF
EDUCATION OF THE CITY OF NEW YORK); JAMES
PHILEMY, ILYSSA MANDELL, and JOHN and/or JANE
DOE(S), each in their official and individual capacities,

                                              Defendants.

------------------------------------------------------------------- x

**DEFENDANTS' RULE 56.1 STATEMENT**

Docket No. 06 Civ. 2852 (KMW)(DFE)

        Pursuant to Rule 56.1 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York and this Court's motion rules, defendants, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, submit this statement of material facts upon which there are no issues to be tried.

        1.        Plaintiff Eugenia Spencer commenced this action alleging that defendants the City of New York (the "City"), New York City Department of Education ("DOE"), James Philemy, and Ilyssa Mandell committed violations of the First Amendment and Due Process clause of the U.S. Constitution, breach of contract, negligence, and intentional infliction of emotional distress. See Complaint, dated April 4, 2006, Exhibit A.[1]

---

[1] Unless otherwise indicated, all exhibits cited to herein refer to the exhibits annexed to the Declaration of Daniel Chiu, dated April 16, 2010, submitted herewith.

2.	Plaintiff claims that the defendants retaliated against her because she complained about the conduct of a DOE student ("Student A") and reported to the police that Student A had stolen her wallet. See Complaint, dated April 4, 2006, ¶¶ 30-32, 63-64, Exhibit A.

3.	In an Order, dated May 29, 2007, all of plaintiff's claims against the City of New York were dismissed, and all claims against DOE except the First Amendment claim were dismissed. See Order, at 10, dated May 29, 2007, Exhibit B. The Court did not dismiss plaintiff's First Amendment, negligence, and intentional infliction of emotional distress claims against Principal James Philemy and Assistant Principal Ilyssa Mandell. See Order, at 10, dated May 29, 2007, Exhibit B.

4.	Plaintiff was not a tenured employee. See Deposition of Eugenia Spencer, May 28, 2009 ("Spencer dep."), at 73:8-9, Exhibit C. Plaintiff was employed as a permanent substitute teacher for DOE and taught 7th grade math during the 2003/2004 school year at P.S./I.S. 208. See Spencer dep. at 61:18-20, and 67:13-68:2, Exhibit C. Plaintiff's employment as a permanent substitute began on November 24, 2003 when she replaced a teacher who quit during the school year. See Spencer dep. at 61:9-62:19, Exhibit B. Plaintiff's employment as a permanent substitute teacher was limited to the 2003/2004 school year. See Spencer dep. at 67:19-68:2 and 82:25-83:4, Exhibit C.

5.	Plaintiff claims that defendants retaliated against her for engaging in protected speech by giving her an unsatisfactory rating. See Complaint, ¶¶ 63-67, Exhibit A. Plaintiff alleges that she engaged in protected speech when she complained to her supervisor about the behavior of Student A and reported to the police that Student A had stolen her wallet. See Spencer dep. at 107:15-108:4, Exhibit C; and New York City Police Department Complaint, dated December 29, 2003, Exhibit D.

6.  Beginning in December 2003, plaintiff complained to her supervisor that Student A had stated, during a confrontation with another student, "I'm going to tell my wife if you bother me again . . . Ms. Spencer is my wife." See PS/IS 208 Incident Report Form, dated December 19, 2003, Exhibit E. Plaintiff also complained, in Incident Report Forms plaintiff filed with her supervisor, that Student A "brushed pass [sic] me from behind," "was standing too closely [sic] behind me" (Exhibit F), and "deliberately fell on me" (Exhibit G). Plaintiff's Complaint and deposition testimony described the conduct as "intentionally bumping up against Ms. Spencer . . . and rubbing his genital area up against her." See Complaint, ¶¶ 23, Exhibit A; and Spencer dep. at 108:13-16, Exhibit C.

7.  On December 22, 2003, plaintiff discovered that her wallet was missing. See Spencer dep. at 122:3-14, Exhibit C. Plaintiff suspected Student A of stealing her wallet, and on December 26, 2003, during the Christmas break, plaintiff went to Student A's home with her fiancée to retrieve her wallet. See Spencer dep. at 126:23-127:6, Exhibit C; Deposition of James Philemy, December 21, 2009 ("Philemy dep."), at 89:16-90:25, Exhibit R. After plaintiff retrieved her wallet, she filed a report with the police on December 29, 2003. See Spencer dep. at 127:13-15, Exhibit C; and New York City Police Department Complaint, dated December 29, 2003, Exhibit D.

8.  Plaintiff's supervisor, Assistant Principal Ilyssa Mandell, learned that plaintiff's wallet had been stolen when the parent of Student A complained that plaintiff went to her home. See Mandell dep. at 59:12-60:18, Exhibit O.

9.  As a teacher, plaintiff's job responsibilities include guiding and instructing her students by:

- Effect of character and personality growth of pupils
- Control of class

3

- Maintenance of wholesome classroom atmosphere
- Skill in adapting instruction to individual needs and capacities
- Evidence of pupil growth in knowledge, skills, appreciations and attitude
- Attention to pupil health, safety and general welfare

See Annual Professional Performance Review and Report on Probationary Service of Pedagogical Employee, dated June 17, 2004 ("Plaintiff's Evaluation"), Exhibit H.

10. Plaintiff admitted during her deposition that she is required by DOE to report inappropriate contact and inappropriate comments. See Spencer dep. at 202:20-203:5, Exhibit C.

11. Plaintiff was required by DOE regulations to report the incidents she contends is "protected speech." See Spencer dep. at 202:20-203:5, Exhibit C; and Plaintiff's Evaluation, Exhibit H.

12. On January 6, 2004, plaintiff's classroom was observed by her principal, James Philemy. Principal Philemy recommended to plaintiff that she needed to give her students "a sense of how much time is needed to solve each exercise," "use only learning objective not both Learning Objective and Aim," "provide a platform for children to discuss in their respective groups the strategies used to solve the problems and share the outcome with the class," have "a writing connection with each lesson," and "introduce new vocabulary words to the lesson." See Informal Observation, Exhibit J.

13. In response to three of Principal Philemy's five substantive comments, plaintiff stated that she was teaching out of license and had not received any training. See Spencer letter, dated February 5, 2004, Exhibit K.

14. Plaintiff's supervisor, Assistant Principal Ilyssa Mandell, also provided recommendations to plaintiff to improve her teaching. She suggested that plaintiff try the following teaching strategies:

4

- Encourage group work and accountable talk;

- Incorporate Inquiry Based Learning;

- Incorporate a share at the end of the lesson where each group has an opportunity to tell what strategies they may have utilized to come up with their answer;

- Plan ahead for each individual lesson; and

- Plan a meaningful, 5-7 minute Do Now

See Mandell letter, dated January 16, 2004, Exhibit L.

15. On March 1 and 5, 2004, plaintiff requested that Student A be removed from her class. See Student Removal Forms, dated March 1 and 5, 2004, Exhibit I. At the end of March, 2004, Student A was removed from plaintiff's class. See Spencer dep. at 175:2-5, Exhibit C.

16. On April 19, 2004, Principal Philemy observed plaintiff's classroom. Principal Philemy determined that plaintiff's lesson was unsatisfactory. Among other points, Principal Philemy noted that plaintiff did not provide any evidence of accountable talk and did not give students time to solve problems on their own, work with a partner, and discuss within their group the strategies utilized in solving problems. Plaintiff also failed to maintain focus and gave a scattered lesson. See Philemy letter, Exhibit Q.

17. In a letter dated April 30, 2004, plaintiff was instructed to speak to Principal Philemy about her removal from the Teachscape program due to her lack of participation. The Teachscape program offered new teachers guidance in lesson planning, classroom management, and strategies in literacy and mathematics. See Philemy letter, dated April 30, 2004, Exhibit M.

18. On May 3, 2004, plaintiff attended a meeting with a parent, together with Assistant Principal Mandell and Principal Philemy to discuss the grade of a student. After the meeting, Assistant Principal Mandell reprimanded plaintiff for having engaged in inappropriate

5

behavior during the meeting. Assistant Principal Mandell told plaintiff that her "overall tone was aggressive, unprofessional and unacceptable." She also observed that plaintiff had "adamantly stated that [she did] not have to call parents; [that she was] doing this as a favor." Plaintiff was told that she was expected to carry herself "with professionalism at all times" to set a "good example for your students." See Mandell letter, dated May 4, 2004, Exhibit N.

19. During the meeting with the parent, plaintiff raised her voice to the parent, leaned over a table towards the parent and pointed her finger at the parent. See Mandell dep. at 37:18-38:13, Exhibit O.

20. After the meeting, Assistant Principal Mandell and Principal Philemy met to discuss plaintiff's behavior and discipline for her unprofessionalism. See Mandell dep. at 36:2-37:23, Exhibit O.

21. Plaintiff was instructed to provide, at a meeting to be held on May 5, 2004, documentation to support the student's grade and evidence of homework assignments and marking to justify the grade. Plaintiff did not produce proper documentation and received a letter to her file due to her failure to comply with her Principal's instructions. See Philemy letter, dated May 11, 2004, Exhibit P.

22. At the end of the school year, Principal Philemy determined that plaintiff's performance was unsatisfactory in each of the following categories: professional attitude and professional growth; control of class; maintenance of wholesome classroom atmosphere; planning and preparation of work; effective use of appropriate methods and techniques; extent of pupil participation in the class and school program; evidence of pupil growth in knowledge; skills; appreciations and attitude; maintenance of good relations with other teachers and supervisors; and effort to establish and maintain good relationships with parents were all

unsatisfactory. Plaintiff's overall evaluation for the 2003/2004 school year was unsatisfactory. See Plaintiff's Evaluation, Exhibit H; Philemy dep. at 122:15-123:9, Exhibit R.

      23.    Plaintiff received an unsatisfactory rating for the 2003/2004 school year due to her poor job performance. See Exhibits H, J, K, M, N, P, and Q.

Dated: New York, New York
       April 16, 2010

                             MICHAEL A. CARDOZO
                             Corporation Counsel of the City of New York
                             Attorney for Defendant
                             100 Church Street, Room 2-115
                             New York, New York 10007
                             212-788-1158

              By: _____
                             Daniel Chiu
                             Assistant Corporation Counsel

To:    Ofodile & Associates, P.C.
        Attorney for Plaintiff
        498 Atlantic Avenue
        Brooklyn, New York 11217
        718-852-8300

## **CERTIFICATION OF SERVICE**

I, Daniel Chiu, hereby certify that:

On April 16, 2010, I served the annexed Defendants' Rule 56.1 Statement by depositing a true and correct copy, into the custody of United States Postal Service, in an enclosed envelope with sufficient postage for first-class mail addressed to:

>Ofodile & Associates, P.C.
>Attorney for Plaintiff
>498 Atlantic Avenue
>Brooklyn, New York 11217

I certify under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
April 16, 2010

_____
Daniel Chiu