```
```
# OFODILE EXHIBIT 12

# OFODILE EXHIBIT 12



**THE NEW YORK CITY DEPARTMENT OF EDUCATION**
**REGION 3 – LEARNING SUPPORT CENTER**
**JUDITH CHIN, REGIONAL SUPERINTENDENT**
30 - 48 LINDEN PLACE; FLUSHING, NEW YORK 11354

# STEP II CONFERENCE CONCERNING THE GRIEVANCE OF EUGENIA SPENCER, A TEACHER AT P.S./I.S. 208Q

**Date:** June 24, 2004

**Time:** 5:00 p.m.

**Place:** Region 3 Operations Center
30-48 Linden Place, Flushing, New York 11354

**Present:**
| | |
|---|---|
| Peter R. Goldfien | Superintendent's Representative |
| Ilyssa Mandell (by phone) | Assistant Principal |
| Martin Rosenblum | UFT Queens Representative |
| Eugenia Spencer | Grievant |

**Issue:** The Grievant alleges violation of the Agreement between the New York City Department of Education and the United Federation of Teachers in that a letter dated 5/4/04 and placed in the Grievant's file is inaccurate and unfair.

**Articles Allegedly Violated:** 21A5

**Relevant Considerations:**

1. The following arguments were presented by the Grievant and/or her UFT representative:

   1.1 A meeting with parents was scheduled and the Grievant was present to discuss a student's progress.
   1.2 The Grievant wanted to be represented at the meeting by UFT but was told that no UFT representative would be permitted at a meeting with parents.
   1.3 Vague reference is made in Paragraph 1 of the letter to the Grievant's "aggressive, unprofessional and unacceptable" tone at the meeting. This statement lacked the specificity needed for the Grievant to respond.
   1.4 The Grievant was never called to a conference to investigate her alleged tone, nor was she given an opportunity to explain her point of view.
   1.5 She received a disciplinary letter without a conference or union representation.

1.6 The statement in Paragraph 1 that "we must extend ourselves far beyond three o'clock to reach out to parents..." is unfair. It would lead a third party not familiar with the teacher or the situation to believe that she never does this.

1.7 Paragraph 4 states, "Should this behavior resurface, it will lead to further disciplinary action...." What behavior is the author referring to? This statement is vague and unfair.

1.8 The Grievant is threatened with loss of her license if the unspecified behavior "resurfaces." This is excessive and unfair.

2. The following arguments were presented by the Administration:

2.1 The conference was set up to assist parents with a failing student.

2.2 The Grievant had given assurances that she would contact the parents if the student appeared to be failing and in need of assistance.

2.3 The Grievant stated that when she calls parents she is doing it as a favor when told by the parents she had an agreement with them.

2.4 The Grievant came to the meeting but could not produce documentation (tests, quizzes, homework, anecdotal information) promised to the parents.

2.5 The Grievant's tone was hostile.

### Decision:

Article 21A5 of the Agreement between the New York City Department of Education and the United Federation of Teachers was violated.

No argument was made that the letter of May 4, 2004 was inaccurate in its factual content.

However, the undersigned agrees with the Union's position that the Grievant was called to a regular meeting with parents which resulted in a disciplinary letter with a very strong warning. Alluding to a teacher's unprofessional conduct four times in one letter and threatening her with dismissal is excessive and, at the very least, should have been done at a disciplinary conference with union representation present. In addition, the letter is vague and inferential and, therefore, substantially unfair to the Grievant.

This decision does not excuse or condone the Grievant's behavior. It only reflects the merits of the letter, memorializing the incident of May 3, 2004.

The Grievance is sustained. The letter dated May 4, 2004 will be removed from the Grievant's file.

*Peter R. Goldfien*
Peter R. Goldfien
Superintendent's Representative

June 25, 2004

Approved: *Walter O'Brien*
Local Instructional Superintendent

c:  Thomas E. Fox, Jr., Esq., Senior Regional Counsel
    James Philemy, Principal
    Martin Rosenblum, UFT Queens Representative
    Walter O'Brien, LIS, Region 3