Docket No. 06 Civ. 2852 (KMW)(DFE)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EUGENIA SPENCER,

                                                        Plaintiff,

-against-

THE CITY OF NEW YORK (including THE BOARD OF EDUCATION OF THE CITY OF NEW YORK); JAMES PHILEMY, ILYSSA MANDELL, and JOHN and/or JANE DOE(S), each in their official and individual capacities,

                                                        Defendant.

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-115*
*New York, New York  10007*

*Of Counsel:*
        *Daniel Chiu*

*Tel: 212-788-1158*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------------------------------------ x
EUGENIA SPENCER,

                                           Plaintiff,

                   -against-                      Docket No. 06 Civ. 2852
                                                    (KMW)(DFE)

THE CITY OF NEW YORK (including THE BOARD
OF EDUCATION OF THE CITY OF NEW YORK);
JAMES PHILEMY, ILYSSA MANDELL, and JOHN
and/or JANE DOE(S), each in their official and
individual capacities,

                                           Defendants.

------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

       Plaintiff's opposition to defendants' motion for summary judgment fails to oppose defendants' motion for judgment on her negligence and intentional infliction of emotional distress claims. Those claims should therefore be dismissed.

       Plaintiff's opposition also fails to argue that the complaints plaintiff filed were not entirely personal to plaintiff. As plaintiff is unable to demonstrate that her speech was not entirely personal to plaintiff her First Amendment claim should also be dismissed.

       Even if it can be established, however, that plaintiff did engage in protected speech, plaintiff has not demonstrated that she would not have received an unsatisfactory rating on her 2003/2004 performance evaluation. Plaintiff's First Amendment and state law claims should therefore be dismissed in their entirety.

1

# ARGUMENT

## POINT I

### PLAINTIFF'S NEGLIGENCE AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIMS SHOULD BE DEEMED ABANDONED AND DISMISSED.

Plaintiff's Memorandum of Law In Opposition to Defendants' Motion for Summary Judgment, dated May 28, 2010 ("Pls. Opp."), did not respond to defendants' arguments seeking the dismissal of her Intentional Infliction of Emotional Distress and Negligence claims. See Defendants' Memorandum of Law in Support of Motion for Summary Judgment, dated April 16, 2010 ("Defs. Mem."), Point IV and V. Due to plaintiff's failure to respond to these points, her claims should be deemed abandoned and dismissed. Lipton v. County of Orange, 315 F.Supp.2d 434, 446 (S.D.N.Y. 2004) (noting that a "Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed").

## POINT II

### PLAINTIFF DOES NOT DEMONSTRATE THAT SHE ENGAGED IN PROTECTED SPEECH AND HER FIRST AMENDMENT CLAIM SHOULD BE DISMISSED.

Plaintiff also fails to respond to defendants' arguments that her speech was entirely personal to her. See Defs. Mem. at 6-7. Indeed, Plaintiff's Affidavit in Opposition to Defendants' Motion for Summary Judgment, sworn to May 28, 2010 ("Pls. Aff."), admits that her motivation for reporting the theft of her wallet and purported "sexual assault and sexual harassment behavior" to the police was personal. She explained "It was out of fear that [Student

A] could rob or go to my house, that I sought the help of the police department." See Pls. Aff., ¶ 26. Plaintiff does not demonstrate that her complaints about Student A were anything but acts to remedy matters that were entirely personal to plaintiff. Ezekwo v. NYC Health & Hospitals Corp., 940 F.2d 775, 781 (2d Cir. 1991) (resident's complaints about aspects of residency program that negatively affected her did not implicate matters of public concern), cert. denied, 112 S.Ct. 657 (1991).

Indeed, plaintiff's complaints did not assert a system-wide problem in disciplining students. All of plaintiff's complaints sought to vindicate a personal interest rather than bring to light a matter of political, social, or other concern to the community. None of plaintiff's complaints described a system-wide failure and therefore did not involve a matter of public concern. DeFilippo v. New York State Unified Court System, 2006 U.S. Dist. Lexis 19640 *46-50 (E.D.N.Y. Mar. 27, 2006) (plaintiff's complaint of discrimination because supervisor entered male locker-room did not implicate system-wide discrimination but was motivated by and dealt with plaintiff's individual employment situation).

Similar to DeFilippo, plaintiff attempts to convert matters that were entirely personal to her into "a matter of public concern" by claiming that her complaints involved "criminal activity in a school, sexual assault of a teacher by a student, and safety in the workplace." Pls. Mem. at 11. None of plaintiff's complaints, however, stated that she was filing her complaints to address a system-wide failure of administrators to address criminal activity, sexual assaults, or the safety of teachers in the workplace. See Exhibits D, E, F, and G.[1] Plaintiff's complaints were limited to one student and his disagreeable interactions with plaintiff.

---

[1] Unless otherwise indicated, all exhibits cited to herein refer to the exhibits annexed to the Declaration of Daniel Chiu, dated April 16, 2010.

3

Plaintiff cites <u>Cioffi v. Averill Park Central School Dist. Bd.</u>, 444 F.3d 158 (2d Cir. 2006) for the proposition that the sexual assault of a student on school property is a matter of public concern. Pls. Mem. at 12. <u>Cioffi</u>, however, is inapposite. First, the plaintiff in <u>Cioffi</u> submitted complaints to the school board and held a press conference that were critical of matters that did not concern himself. The plaintiff in <u>Cioffi</u> was the athletic director for the Averill Park Central School District and criticized the coach's supervision of the football players and the school district's handling of the subsequent investigations into the sexual assaults that occurred in the boys' locker room. Second, the plaintiff in <u>Cioffi</u> was not the victim of the sexual assault and was raising matters that were decidedly not personal to him. <u>Cioffi</u>, 444 F.3d at 161 (Cioffi's letter to the Superintendent stated that his "overriding concern has been for the health and safety of [the] students, as well as for the school district potentially being held liable for professional misjudgment.")

In contrast, plaintiff's complaints were limited to acts that were done to her (police report complaining that Student A stole her wallet, Exhibit D; incident report that Student A referred to plaintiff as "my wife," Exhibit E; incident report that Student A was standing too close to plaintiff, Exhibit F; and incident report that Student A "deliberately fell on [plaintiff]," Exhibit G). None of plaintiff's complaints concerned or attempted to ameliorate a condition for anyone other than herself. Plaintiff's speech thus affected only her and is therefore unprotected.

The Second Circuit, in fact, recently rejected a plaintiff's attempt to distinguish <u>Garcetti v. Ceballos</u>, 547 U.S. 410 (2006) by relying upon <u>Cioffi</u> in similar circumstances. The Second Circuit held that:

> We are not persuaded that Cioffi compels us to find that the First Amendment protects Weintraub's filing of a grievance. In Cioffi, we held that a letter that an athletic director wrote to his supervisor and to the school board was protected speech. Id. at 161, 165. The speech at issue in Cioffi had been publicly disclosed

4

> and the athletic director subsequently pursued the public controversy in a press conference; thus, the "public's interest in receiving the well-informed views" of the athletic director, as a government employee, Garcetti, 547 U.S. at 419, was strong. In contrast, Weintraub never communicated with the public about the book-throwing incidents and the school administration's subsequent refusal to discipline the particular student. Accordingly, we remain convinced that under Garcetti, because Weintraub made his statements "pursuant to" his official duties as a schoolteacher, he was "not speaking as [a] citizen[] for First Amendment purposes," 547 U.S. at 421, and thus, that his speech was not protected. Weintraub v. Bd. of Educ., 593 F.3d 196, 205 (2d Cir. N.Y. 2010).

Weintraub v. Bd. of Educ., 593 F.3d 196, 205 (2d Cir. 2010). Unlike the plaintiff in Cioffi, the plaintiff in this action did not publicly disclose her concerns and most certainly did not hold a press conference.

Plaintiff's opposition papers also claim for the first time that she engaged in protected speech when she obtained a restraining order against Student A on March 31, 2004. See Pls. Mem. at 17. Plaintiff never advanced this claim in her Complaint and never testified at her deposition that she believed she was engaging in a protected activity by obtaining a restraining order. See Exhibit A and C at 107:15-108:4.

It is improper for plaintiff to attempt to avoid summary judgment by advancing new claims in opposition to defendants' motion for summary judgment. Khan v. Abercrombie & Fitch, Inc., 2003 U.S. Dist. Lexis 16329 *31 (S.D.N.Y. 2003) (Pauley J.) *quoting* Beckman v. United States Postal Serv., 79 F.Supp.2d 394, 407-8 (S.D.N.Y. 2000) ("party may not raise new claims for the first time in opposition to summary judgment.") The Court, therefore, should disregard plaintiff's new found claim.

Even if the Court were to consider plaintiff's new claim, it too is without merit. Similar to plaintiff's other complaints, obtaining a restraining order was entirely personal to plaintiff and cannot form the basis for a claim based on the First Amendment. Ruotolo v. City of

New York, 514 F.3d 184, 188-90 (2d Cir. 2008) (filing lawsuit that seeks to vindicate a personal right is not speech on a matter of public concern).

### POINT III

### PLAINTIFF DOES NOT RAISE A MATERIAL ISSUE OF FACT BY CLAIMING SHE DID NOT ACT UNPROFESSIONALLY.

Plaintiff argues that defendants would not have given her a U-rating in the absence of her allegedly protected speech because the acts that supported the rating, plaintiff's unsatisfactory lessons and unprofessional behavior to a parent, should have been excused or ignored. Plaintiff claims that she did not receive any training and disagrees with the DOE's assessment that she had acted unprofessionally. Pls. Mem. at 18. Whether plaintiff received training or not is irrelevant to demonstrating that defendants retaliated against her for engaged in protected speech by giving her a U-rating. To the contrary, plaintiff's argument regarding her training appears to be a tacit admission that plaintiff did, in fact, give an unsatisfactory lesson, justifying the rating.

It is also immaterial for plaintiff to argue that she was not unprofessional towards the parents of her student. Plaintiff's suit is not a forum for debating whether plaintiff acted professionally or not; the issue is retaliation and not plaintiff's competence. See McPherson v. New York City Dep't of Educ., 457 F.3d 211, 216 (2d Cir. 2006) ("More generally, [plaintiff] is attacking the reliability of the evidence supporting DOE's conclusions. In a discrimination case, however, we are decidedly not interested in the truth of the allegations against plaintiff. We are interested in what 'motivated the employer,' . . . the factual validity of the underlying imputation against the employee is not at issue.")(citations and footnotes omitted).

In addition, the removal of the May 4, and 11, 2004 letters (Exhibits N and P) from her file following a Step II grievance does not alter the accuracy of the letters or that plaintiff engaged in unprofessional behavior. See Chancellor's Committee Report, dated October 19, 2006 and Step II Conference Decision, dated June 24, 2004, annexed to the Reply Declaration in Further Support of Motion for Summary Judgment, dated June 30, 2010 ("Rply Dec."), as Exhibits A and B, respectively.

Indeed, the Step II decision specifically stated that "No argument was made that the letter of May 4, 2004 was inaccurate in its factual content." See Rply Dec, Exhibit B, at 2. Whereas the Chancellor's Committee, which heard plaintiff's appeal of her unsatisfactory rating, upheld the rating finding that plaintiff "made no improvement in her ability to control or teach her class. Both sides agreed that assistance was provided on a regular basis." See Chancellor's Committee Report, Rply Dec., Exhibit A at OLR-0009.

In addition, plaintiff's unsatisfactory rating was not based solely on the May 4, and 11, 2004 letters. Plaintiff also received the rating because she taught unsatisfactory lessons. See Observation Report, Exhibit Q, and Rply Dec., Exhibit A. Plaintiff advances no evidence that her lessons were not unsatisfactory and that she was given an unsatisfactory rating for the 2003-2004 school year in retaliation for protected speech. Only that plaintiff was not provided training. Plaintiff's First Amendment claim should therefore be dismissed.

## POINT IV

### PLAINTIFF INCORRECTLY STATES THAT DEFENDANTS' NOTICE OF CLAIM ARGUMENT WAS PREVIOUSLY ADDRESSED.

Plaintiff argues that her state law claims should not be dismissed for failing to file a notice of claim because the issue was already decided following defendants' motion to dismiss. Pls. Mem. at 21. Plaintiff, however, is incorrect. As set forth in Defendants' Memorandum of Law in Support of their Motion for Summary Judgment, defendants are now seeking to dismiss plaintiff's state law claims pursuant to New York Education Law § 3813(2), a ground which was not addressed in defendants' motion to dismiss. Unlike subparagraph (1) of Section 3813, subparagraph (2) explicitly covers DOE teachers and supervisory and administrative staff members of schools. Defendants' motion to dismiss was based entirely and incorrectly on New York Education Law § 3813(1). Therefore, the issue has not been decided.

## CONCLUSION

For the foregoing reasons, defendants respectfully requests that the Court issue an order granting defendants' motion for summary judgment and dismissing the Complaint in its entirety together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
      June 30, 2010

                                MICHAEL A. CARDOZO
                                Corporation Counsel of the City of New York
                                Attorney for Defendants
                                100 Church Street, Room 2-115
                                New York, New York 10007
                                212-788-1158

                                By: _____
                                     Daniel Chiu
                                     Assistant Corporation Counsel

Kathleen M. Comfrey
Daniel Chiu,
      Of Counsel